MICHAEL JAY GREEN AND ASSOCIATES, INC.
MICHAEL J. GREEN     4451
*- and -*
LAW OFFICE OF PETER C. HSIEH
PETER C. HSIEH        3204
Davies Pacific Center
841 Bishop Street, Suite 2201
Honolulu, Hawai'i 96813
Telephone:  (808) 521-3336
E-Mail:  michael@michaeljaygreen.com
          hsiehp002@hawaii.rr.com

Attorneys for Plaintiff
JONELLE M. FUKUSHIMA,
Individually and as Next Friend of
Minor Child J.F. 2004

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAI'I

| | |
|---|---|
| JONELLE M. FUKUSHIMA, Individually and as Next Friend of Minor Child J.F. 2004,<br><br>       Plaintiff,<br><br>   vs.<br><br>STATE OF HAWAI'I BOARD OF EDUCATION, STATE OF HAWAI'I DEPARTMENT OF EDUCATION, DOES 1-10,<br><br>       Defendants. | CIVIL NO. _____<br><br>COMPLAINT; DEMAND FOR JURY TRIAL; SUMMONS |

## COMPLAINT

Plaintiff JONELLE M. FUKUSHIMA, Individually and as Next Friend of Minor Child J.F. 2004, by and through her attorneys, Michael Jay Green and Peter C. Hsieh, for a Complaint against the above-named Defendants, alleges and avers as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1343 and 1367 and pendant jurisdiction over state claims, as this action is brought pursuant to Title IX of the U.S. Education Amendments of 1972, Public Law No. 92-318, 86 Stat. 235 (June 23, 1972), codified as 20 U.S.C. §§ 1681-1688.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because (1) the defendants are residents of the State in this district and (2) a substantial part of the events or omissions giving rise to Plaintiff's claims, injuries and/or damages occurred in this judicial district.

## PARTIES

3. Plaintiff JONELLE M. FUKUSHIMA ("Plaintiff" or "Mother") is and was, at all times relevant, a resident of the State of Hawai'i, and mother of Minor Child J.F. 2004 ("Minor"), and is suing in her individual capacity and as Next Friend of Minor Child J.F. 2004.

2

4.    Defendant STATE OF HAWAIʻI BOARD OF EDUCATION ("BOE) is, and was at all relevant times herein, a state governmental body of the State of Hawaiʻi.

5.    Defendant STATE OF HAWAIʻI DEPARTMENT OF EDUCATION ("DOE") is, and was at all relevant times herein, a state governmental body of the State of Hawaiʻi.

6.    Defendants DOES 1-10 are sued herein under fictitious names for the reason that their true names, capacities and responsibilities are presently unknown to Plaintiff, but upon information and belief they are persons, entities, governmental agencies, and/or partnerships who were in some manner presently unknown to Plaintiff engaged in the activities alleged herein; and/or are in some manner responsible for the injuries and damages to Plaintiff; and/or are persons who conducted some activity in a negligent, wrongful, and/or willful manner or who failed to fulfill a duty or obligation, which action, conduct, error or omission was the proximate cause of injuries or damages to Plaintiff; and/or were in some manner related to the previously named Defendants engaged in the activities alleged herein. Plaintiff will seek leave to amend this Complaint when the true names and capacities of the Doe Defendants have been ascertained.

FACTUAL ALLEGATIONS

7.     The BOE is a state agency established by the Hawaiʻi State Constitution, which grants the Board the power to formulate statewide educational policies. The Board appoints the executive officers of the public school system and public library system and the members of the State Public Charter School Commission.

8.     The DOE administers a compulsory school system overseeing approximately 256 public schools.

9.     One of these DOE schools is Hilo High School ("HHS") located at 556 Waianuenue Avenue, Hilo, Hawaiʻi 96720.

10.    HHS is a DOE public, secondary co-educational, college preparatory high school, governed by the BOE.

11.    The BOE and DOE have educational programs or activities that receive federal funding, and are therefore subject to the provisions of Title IX, 20 U.S.C. §§ 1681-1688.

12.    Minor was at all relevant times herein a student of HHS.

13.    From approximately January 2019 through December 2019, Minor was the regularly and frequently harassed by various female students of HHS and Waiakea High School during school, while in class, outside of class on the

campus of HHS, on social media during school, on campus during intermissions, on campus after school, including, but not limited to, the following acts of harassment ("Harassment"):

        a.      Various female students of HHS made hateful threats and messages at Minor, telling her, "We will kill you!", "We will get you!", and "Don't report to anyone";

        b.      From February 2019 until April 2019, K.R., a student from Waiakea High School, went on the campus of Hilo High School, uncontested by security, and made threats and suggestions of threats to beat Minor up. K.R. did this regularly until she actually attacked and assaulted Minor;

        c.      On or about April 23, 2019, K.R. went on to the campus of HHS and yelled and threatened Minor and then attacked Minor who was outside of a classroom wearing her tennis outfit waiting for tennis to start. K.R. brought her video camera to record the fight. The video was distributed on social media and "air dropped" to phone.

        d.      The incident was reported by a teacher to HHS and HHS Vice Principal Erin Williams ("VP Williams"), and the event was reported to Mother via phone call. Minor was too scared to tell Mother about the incident. The other female students of HHS retaliated and Minor started getting harassing comments,

threats, bullying messages in person daily and on social media from other HHS female students including HHS female student Talayah;

e.    Defendants did not do anything to the other female students but they suspended Minor from school which caused her to sit out of the BIIF championships that she had worked so hard to be part of;

f.    During the summer of 2019, the group of HHS female students continued to bully Minor through social media. Whenever Minor went out to see a movie, swim, or just go out, they would be there and harass and threatened her. Minor knew that the Fall 2019 school year would be a very bad school year and Mother was scared to send Minor back to HHS;

g.    When school began in Fall 2019, Mother told HHS administrators about the ongoing harassment and bullying and asked them to be monitor and oversee the troublemakers;

h.    The HHS female students who harassed Minor in the preceding semester in Spring 2019, including HHS female student Talayah, renew their attacks on Minor, bullying, threatening, harassing, intimidating, and humiliating Minor;

i.    After Talayah was finally moved out of the same class as Minor, Talayah's friends (HHS female students Kaya and Shania) got into it with

Minor and started bullying, threatening, harassing, intimidating, and humiliating Minor;

j.      The group of troublemakers grew from there, and as the group grew, they started to stare, stalk, gossip, and threaten Minor in person on campus and on social media during and before and after school;

k.      In August 2019, Kaya, who was with Shania and Talayah, went up to Minor during lunch and said if Minor looked at her or mentioned her name she was going to come back;

l.      Minor was punched in the face at a school football game where school officials called police and a report was made;

m.      A week later Shania went up to Minor and her friend and yelled that no one liked them and that they should move away. Minor reported this incident to the school office the next day. HHS Vice Principal Jason Trimble made Mother and Minor go through mediation with Shania. Mother was not allowed to be at mediation per VP Trimble, and Minor was made to face the bully alone without Mother's support. Shania then told Trimble that she did not have any problems with Minor and would stop. Trimble sided with Shania and took no disciplinary action against her; Mother contacted Area Complex Superintendent via phone and e-mail for help, but did not receive any help.

7

n.      A couple weeks later Minor and her friends had to sit on the rival team's side of the field because Talayah and her friend were again threatening and staring at them. They sat the whole game and stayed away but Talayah just kept staring at Minor and watching their every move wherever they went. This freaked out Minor and her friend and they thought Talayah and her friends were going to do something bad to them. They tried to get up and go by security without them noticing. When they walked down the ramp, Talayah and her friend stood up and followed them with their hair up as if they were going to start a fight and assault them. Minor reported this incident to HHS Vice Principal Heidi Pana ("VP Pana"), who told Minor and her friend to stay near her until their rides came. Pana did not speak with Talayah or her friends or do anything to stop Talayah and her friends from harassing Minor and her friend;

o.      The next day in school things heated up and Talayah went up to Minor and her friends at lunch and yanked their shoulders telling them if they had a problem with her they can tell her. Talayah was trying to force them out of the lunch room. Minor reported this incident to VP Pana against, and all VP Pana did was write down her name and said she would handle it, but again she did nothing;

p.      Following that, Talayah's friends continued to bully and harass Minor at school and a school football game. As Minor was walking out of the

8

restroom, one of Talayah's friends named Kaua went up to Minor accusing her of "messing" with her friend (Talayah) and then punched Minor in the face which then started a fight. VP Pana and VP Williams and security tried to get in to break up the fight. The police told Mother she could press charges, which she did;

      q.    A week later Talayah and her mob of friends went to the class that Minor and her friends hang out at and started to stare, harass, and bully Minor. Minor texted Mother about, and Mother left work to come to school to address the situation. Because neither VP Pana nor any other HHS administrators did anything to stop the harassment of Minor, Mother, on behalf of Minor, filed a Petition for Ex Parte Temporary Restraining Order and For Injunction Against Harassment against Talayah on September 30, 2019, which was granted by the Court; After the incident, Talayah Found Minor in the hallway and slammed into her with her shoulder and body; and

      r.    On the last day before winter break, Minor was walking out of history class when she was ambushed and attacked by HHS female student Kailey who continued to hit Minor's head and face and kicked her in the stomach as the teachers came out and tried to stop the beating. Minor was escorted to the school office. Talayah and her friends were laughing and yelling at Minor. Minor's parents and siblings and two police officers were at the office. The school principal were

9

talking, laughing and joking with the police officers. Defendant VP Pana did not take any action against Kaya and instead let her go.

14.    Defendants BOE and DOE had actual knowledge of the ongoing Harassment of Minor.

15.    Despite their knowledge of the Harassment, Defendants BOE and DOE failed, neglected, and/or refused to take reasonable steps to stop the harassment, suspend and/or expel the offending students, and report them to appropriate law enforcement officials for investigation and prosecution.

16.    Defendants BOE and DOE were deliberately indifferent to the harassment.

17.    The harassment of Minor was so severe, pervasive, and objectively offensive that it deprived her of access to education opportunities or benefits.

18.    To avoid further harassment, Minor was forced to transfer out of HHS into another school. She lost everything she had worked for. She was traumatized. She could not play band or tennis for the school anymore. Nor could she remain in the top honors program. She was getting failing grades because she could not concentrate and focus on her school work.

19.     Even after she left HHS, Minor continued to be cyber bullied and harassed and threatened.

20.     Minor had go into therapy to cope with what has happened and her relationship with Mother is strained. She has lost trust in school administrators who did nothing to help her.

21.     As a result of Defendants' wrongful conduct, Plaintiff suffered pain and suffer, severe emotional distress and mental anguish, loss of educational opportunities, loss of enjoyment of life, loss of quality of life, economic loss, and other economic and non-economic damages.

## COUNT I
### *Violation of Title IX of the Civil Rights Act of 1964*

22.      Plaintiff realleges and incorporates herein the allegations contained the preceding paragraphs as though fully alleged herein.

23.     The Harassment of Minor was so severe, pervasive, and objectively offensive that it could be said to deprive her of access to educational opportunities or benefits.

24.     The Harassment of Minor included unwanted and unwelcome acts of bullying, threats, intimidation, physical assault and battery, stalking and other related acts.

11

25.     Defendants BOE and DOE, jointly and severally, at all relevant times herein, had actual knowledge of the Harassment.

26.     Defendants BOE and DOE, jointly and severally, through an appropriate official possessed enough knowledge of the Harassment that it reasonably could have responded with remedial measures to address the kind of harassment upon which Plaintiff's legal claim is based.

27.     Defendants BOE and DOE, jointly and severally, were deliberately indifferent to the Harassment.

28.     Defendants BOE and DOE's wrongful conduct caused injuries to Plaintiff.

29.     As a direct and proximate result of Defendants' wrongful conduct, Plaintiff has sustained and will continue to sustain substantial damages and is entitled to recover special, general, and punitive damages in such amounts as shall be shown at a trial or hearing hereof.

## COUNT II
### *Negligence*

30.     Plaintiff realleges and incorporates herein the allegations contained in preceding paragraphs as though fully alleged herein.

12

31.     Defendants, jointly and severally, at all relevant times herein, owed a duty of care to Plaintiff to take reasonable steps to prevent reasonably foreseeable harm to their students including Noa.

32.     Defendants, jointly and severally, breached their duty.

33.     Defendants' breach was a substantial contributing cause of Plaintiff's damages.

34.     As a direct and proximate result of Defendants' wrongful conduct, Plaintiff has sustained and will continue to sustain substantial damages and is entitled to recover special and general damages in such amounts as shall be shown at a trial or hearing hereof.

## COUNT III
### *Gross Negligence*

35.     Plaintiff realleges and incorporates herein the allegations contained in preceding paragraphs as though fully alleged herein.

36.     Defendants' wrongful acts and/or omissions constitute gross negligence in that their conduct exhibited an entire want of care which raises a presumption of conscious indifference to consequences.

37.     Defendants' wrongful conduct was a substantial contributing cause of Plaintiff's damages.

13

38.    As a direct and proximate result of Defendants' wrongful conduct, Plaintiff has sustained and will continue to sustain substantial damages and is entitled to recover special, general, and punitive damages in such amounts as shall be shown at a trial or hearing hereof.

## COUNT IV
### *Negligent Training and/or Supervision*

39.    Plaintiff realleges and incorporates herein the allegations contained in preceding paragraphs as though fully alleged herein.

40.    Defendants, jointly and severally, at all relevant times herein, owed a duty of care to Plaintiff to train and supervise Caluag to prevent Caluag from causing reasonably foreseeable harm to their students including Noa.

41.    Defendants, jointly and severally, breached their duty to Plaintiff.

42.    Defendants' breach caused damage to Plaintiff.

43.    Defendants' breach was a substantial contributing cause of Plaintiff's damages.

44.     As a direct and proximate result of Defendants' wrongful conduct, Plaintiff has sustained and will continue to sustain substantial damages and is entitled to recover special and general damages in such amounts as shall be shown at a trial or hearing hereof.

## COUNT V
### *Intentional Infliction of Emotional Distress*

45.     Plaintiff realleges and incorporates herein the allegations contained in preceding paragraphs as though fully alleged herein.

46.     Defendants' wrongful conduct was outrageous, beyond bounds of decency, willful and wanton, and/or malicious.

47.     Defendants' wrongful conduct caused extreme emotional distress to Plaintiffs.

48.     As a direct and proximate result of Defendants' wrongful conduct, Plaintiff has sustained and will continue to sustain substantial damages and are entitled to recover special, general, and punitive damages in such amounts as shall be shown at a trial or hearing hereof.

## COUNT VI
### *Negligent Infliction of Emotional Distress*

49.     Plaintiff realleges and incorporates herein the allegations contained in preceding paragraphs as though fully alleged herein.

50.     Defendants, jointly and severally, engaged in negligent conduct.

51.     Defendants' negligence caused Plaintiff to suffer serious emotional distress or disturbance.

52.     Defendants' negligence was a legal cause of his serious emotional distress or emotional distress.

53.     Defendants' negligent conduct caused a physical injury to a person or a mental illness.

54.     As a direct and proximate result of Defendants' wrongful conduct, Plaintiff has sustained and will continue to sustain substantial damages and are entitled to recover special, general, and punitive damages in such amounts as shall be shown at a trial or hearing hereof.

WHEREFORE, Plaintiff pray for Judgment in her favor and against Defendants, jointly and severally, as follows:

A.     Special damages in an amount to be determined at a trial or hearing hereof;

B.     General damages in an amount to be determined at a trial or hearing hereof;

C.     Compensatory damages in an amount to be determined at a trial or hearing hereof;

D.     Reasonable attorneys' fees and costs;

E.     Pre-judgment interest and post-judgment interest; and

16

F.      Any and all other relief as may be deemed just and equitable by the Court.

DATED:   Honolulu, Hawaii, <u>December 30, 2020            </u>.

<u>/s/ Peter C. Hsieh</u>
MICHAEL JAY GREEN
PETER C. HSIEH
Attorneys for Plaintiff
JONELLE M. FUKUSHIMA,
Individually and as Next Friend of
Minor Child J.F. 2004

17

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAI'I

| | |
|---|---|
| JONELLE M. FUKUSHIMA, Individually and as Next Friend of Minor Child J.F. 2004, <br><br> Plaintiff, <br><br> vs. <br><br> STATE OF HAWAI'I BOARD OF EDUCATION, STATE OF HAWAI'I DEPARTMENT OF EDUCATION, DOES 1-10, <br><br> Defendants. | CIVIL NO. _____ <br><br> DEMAND FOR JURY TRIAL |

<u>DEMAND FOR JURY TRIAL</u>

Plaintiff JONELLE M. FUKUSHIMA, Individually and as Next Friend of Minor Child J.F. 2004, hereby demands a trial by jury on all issues triable of right by jury in this case, pursuant to Rule 38, Federal Rules of Civil Procedure.

DATED:  Honolulu, Hawaii, <u>December 30, 2020          </u>.

<div style="margin-left:3em">

*/s/ Peter C. Hsieh*
MICHAEL JAY GREEN
PETER C. HSIEH
Attorneys for Plaintiff
JONELLE M. FUKUSHIMA,
Individually and as Next Friend of
Minor Child J.F. 2004

</div>

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAIʻI

| | |
|---|---|
| JONELLE M. FUKUSHIMA, Individually and as Next Friend of Minor Child J.F. 2004,<br><br>          Plaintiff,<br><br>     vs.<br><br>STATE OF HAWAIʻI BOARD OF EDUCATION, STATE OF HAWAIʻI DEPARTMENT OF EDUCATION, DOES 1-10,<br><br>          Defendants. | CIVIL NO. _____<br><br>SUMMONS |

<u>SUMMONS</u>

STATE OF HAWAIʻI:

To the above-named Defendants:

You are hereby summoned and required to file with the Court and serve upon the Plaintiffs' attorneys, Michael Jay Green and Peter C. Hsieh, whose address is 841 Bishop Street, Suite 2201, Honolulu, Hawaiʻi 96813, an answer to the Complaint that is herewith served upon you, within twenty-one (21) days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

**WARNING TO DEFENDANT(S)**:  Failure to obey this summons may result in an entry of default and default judgment against the disobeying person or party.

**PROCESS SERVER**:  You are prohibited from making personal delivery of this summons between 10:00 p.m. and 6:00 a.m. on premises not open to the public, unless a judge of the district or circuit courts permits, in writing on the summons, personal delivery during those hours.

Dated: Honolulu, Hawaii, _____.

_____
CLERK OF THE ABOVE MENTIONED COURT

2